[No. 10236.  Department One.  August 21, 1912.]

S. J. HILL, *Respondent*, v. PACIFIC STATES LUMBER
COMPANY, *Appellant*.[1]

DAMAGES—EXCESSIVE VERDICT—PERSONAL INJURIES. A verdict
for $1,000 for injuries sustained by a hook tender, earning $3.50 a
day, will not be set aside as excessive, where he was severely bruised
and injured about the head and neck, and there was evidence that
his neck was stiff and sore, that he was physically unfit for his
former employment, and that it would probably be a year or more
before he recovered.

Appeal from a judgment of the superior court for Pierce
county, Card, J., entered December 27, 1911, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for personal injuries sustained by a hook tender in a logging
camp.  Affirmed.

*Hayden & Langhorne*, for appellant.

*Govnor Teats, Hugo Metzler, Leo Teats*, and *Ralph Teats*,
for respondent.

CROW, J.—Action by S. J. Hill against Pacific States
Lumber Company, a corporation, to recover damages for
personal injuries.  From a verdict and judgment for $1,000,
the defendant has appealed.

Appellant's only contention is that the damages are so ex-
cessive as to show the influence of passion and prejudice.
Respondent was employed as a hook tender in appellant's
lumber camp, earning $3.50 per day, and on March 15, 1911,
was injured by a wire cable striking him on the left side of
his face and neck.  He contended, and introduced evidence
to show, that he was severely bruised and injured about his
neck and head; that the striking of the cable made him un-
conscious for perhaps half an hour; that he was taken
to appellant's emergency hospital near the camp, where he

[1]Reported in 125 Pac. 959.

remained under treatment for two days and two nights; that he then went to his home in Tacoma where he remained until April 17, 1911, when he accepted employment as a loader in a shingle mill; that he was unfit to do the work, and for that reason was discharged after working three and one-half days; that his next employment was with appellant at his old work, where he remained for about one month when he was again discharged; that during all this time and until the date of the trial, which occurred on December 11, 1911, he continually suffered from severe pains in the back of his head and neck; that after working for appellant, he worked for a short time as a second faller of trees; that he has since been employed at trucking in the city of Tacoma, where his work is not steady; that since his injury he received the same wages as before; that his neck is stiff and sore; that his activity is only about fifty per cent of what it was prior to his injury, and that he is physically unfit for his former employment. The physician who treated respondent testified that, in his opinion, there had been a strain of the ligaments of the joints, which he explained was a wrenching or stretching of the joints, a tearing of the attachment of the ligaments, and that it would probably be a year or more from the date of the trial before he would recover. Two physicians who had examined respondent the day before the trial, about nine months after the accident, and were called as witnesses for appellant, testified that respondent complained of and seemed to have a stiff neck; that they could discover no objective symptoms, and that, aside from his statements and the fact that he turned his neck only partially when requested to move it, his condition seemed to be normal. The company physician, who examined and treated respondent immediately after his injury, testified, as a witness for appellant, that respondent was then severely bruised, that he was suffering much pain, but that no injury had occurred to the vertebrae of his neck.

Upon this evidence the verdict may perhaps seem large,

as appellant has not lost much time, and still has earning capacity. Yet the evidence is so conflicting that we cannot say the award is sufficiently excessive to show passion or prejudice on the part of the jury. From the evidence of the physicians produced by appellant, it is possible that such a conclusion might be reached; but if the statements of respondent and his physician be accepted as true, a different result would follow. The jury saw the witnesses, heard them testify, passed upon their credibility, weighed their evidence, and undoubtedly found that respondent has endured continued pain and suffering, and has been injured as he contends. The trial judge, who also saw respondent and the witnesses and heard them testify, has sustained the verdict. While the verdict may seem large, we are unable to conclude from all the evidence that it is sufficiently excessive to disclose passion or prejudice.

The judgment is affirmed.

PARKER, GOSE, and CHADWICK, JJ., concur.